**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL JOHNSON, | No. 17-55501 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-01940-MWF-DTB |
| v. | |
| AETNA LIFE INSURANCE COMPANY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 3, 2018[**]
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and BASTIAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Plaintiff-Appellant Daniel Johnson appeals from the district court's order affirming Aetna Life Insurance Company ("Aetna")'s denial of his short-term disability benefits application. We have jurisdiction under 28 U.S.C. § 1291.

We review a district court's "application of the standard of review to decisions by fiduciaries in ERISA cases" de novo. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc). When an ERISA plan gives the plan administrator discretion to interpret the terms of the plan, district courts review decisions to deny disability benefits applications for an abuse of discretion. *Id.* at 963. Here, the parties agree that FedEx's self-funded employee welfare benefit plan (the "Plan") administered by Aetna confers discretion to Aetna to interpret its terms. Thus, the district court correctly applied the abuse of discretion standard.

In the ERISA context, an ERISA administrator abuses its discretion only if it "(1) renders a decision without explanation, (2) construes provisions of the plan in a way that conflicts with the plain language of the plan, or (3) relies on clearly erroneous findings of fact." *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). Here, Johnson argues only that Aetna abused its discretion because it ignored his doctors' recommendations that he cannot or should not lift more than 25 pounds, which most closely aligns to an argument that

2

Aetna relied on clearly erroneous findings of fact when it denied Johnson disability benefits.

Johnson argues that "Aetna never explained how Johnson could lift 75 pounds and drive a FedEx truck all day, every day," but this ignores the standard he must meet to qualify for disability benefits. To qualify for disability benefits under the Plan, Johnson's disability must be "substantiated by significant objective findings which are defined as signs which are noted on a test or medical exam and which are considered significant anatomical, physiological or psychological abnormalities which can be observed apart from the individual's symptoms."

Johnson's doctors opined that he cannot or should not lift 75 pounds, which is an essential function of his job as a courier. Even so, these recommendations are *not* significant *objective findings* as defined above; they are opinions based in part on Johnson's relation of pain complaints. The only objective finding that Johnson's doctors made that would support his claim for disability benefits is that his MRI revealed he had a "lateral disc protrusion at L2-3 on the left and degenerative changes at L4-5 and L5-S1" but no herniation. Although Dr. Steinmann observed he suffered moderate discomfort when transferring from sitting to standing and multiple doctors noted he had lumbosacral tenderness in his back, these are subjective findings because they require input from the patient's

3

complaints of pain. Further, although Johnson repeatedly complained of back pain, his subjective complaints cannot be used to prove he has an occupational disability.

Apart from this evidence, Johnson's doctors found that he was not in acute distress; had satisfactory motor functions for all of his lower extremities; had normal reflexes; could walk independently without assistance and had a normal heel to toe gait; had normal coronal and sagittal plane alignments; and there was no evidence of spinal orthosis, sensory defects, or neurological deficits.

Based on this evidence, Aetna's physicians reasonably concluded that "there was a lack of significant updated quantifiable physical examination findings from any of the claimant's treating providers to correlate with the claimant's subjective pain complaints to support a functional impairment from the claimant's own occupation." Aetna did not rely on clearly erroneous findings of fact when it concluded that Johnson was not entitled to disability benefits past November 10, 2014. Therefore, the district court properly found that Aetna did not abuse its discretion in denying Johnson disability benefits after November 10, 2014.

**AFFIRMED.**